JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Premier Surgical Pavilion, LLC

## DEFENDANTS
UnitedHealthcare Company of New York, UnitedHealthcare Service LLC, Viant Payment Systems, Inc. d/b/a Viant Inc., ABC Corp. 1-5

**(b)** County of Residence of First Listed Plaintiff  Essex, New Jersey
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Suffolk, New York
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Ebony L. Riley, Esq., Law Office of Ebony L. Riley, Esq.
402 Broad St., Suite 301 Newark, NJ 07104
(201) 488-2101

Attorneys *(If Known)*
Francis X. Manning, Esq.; Ian. M. Long, Esq of Stradley Ronon Stevens & Young, LLP
457 Haddonfield Road, Suite 100, Cherry Hill, NJ 08002
(856) 321-2400; fmanning@stradley.com; ilong@stradley.com
For UnitedHealthcare Defendants

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☒ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
Proceeding

☒ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq.
Brief description of cause:
Plaintiff seeks recovery of health insurance benefits under an employee welfare benefit plan.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
No amount specified by Plaintiff

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                       DOCKET NUMBER

DATE
08/31/2015

SIGNATURE OF ATTORNEY OF RECORD
/s/ Ian M. Long

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

**STRADLEY RONON STEVENS & YOUNG, LLP**
A Pennsylvania Limited Liability Partnership
By:     Francis X. Manning
          Ian M. Long
LibertyView
457 Haddonfield Road, Suite 100
Cherry Hill, NJ  08002
(856) 321-2400
(856) 321-2415 (fax)
*Attorneys for UnitedHealthcare Insurance Company of New York*
*and UnitedHealthcare Service LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PREMIER SURGICAL PAVILION, LLC<br><br>                              Plaintiff,<br><br>          v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY OF NEW YORK, UNITEDHEALTHCARE SERVICE LLC D/B/A THE EMPIRE PLAN, VIANT PAYMENT SYSTEMS, INC. D/B/A VIANT, INC., and ABC CORP 1-5,<br><br>                              Defendants | CIVIL ACTION<br><br>NO._____<br><br><br>**NOTICE OF REMOVAL**<br><br>Filed Electronically |

Defendants UnitedHealthcare Insurance Company of New York and

UnitedHealthcare Service LLC d/b/a The Empire Plan (collectively "United") respectfully

submit this Notice of Removal with respect to the above-captioned action, currently pending as

Docket No. ESX-L-5166-15 in the Superior Court of New Jersey, Law Division, Essex County

(the "State Court Action"), and as grounds for removal, state as follows:

          1.     Plaintiff, Premier Surgical Pavilion, LLC ("Premier"), is an ambulatory

surgical center located in Newark, New Jersey.

          2.     On July 21, 2015, Premier filed its Complaint in the State Court Action.

3.      Although United has not yet confirmed whether it was properly served in the State Court Action, counsel for Premier has advised counsel for United that Premier properly served all named Defendants on July 31, 2015.  United has confirmed that Defendant Viant Payment Systems, Inc. ("Viant") was served on that date, and United has obtained from Viant a copy of the Complaint,  Exhibits, Summons, and Track Assignment Notice.  Copies of the Complaint,  Exhibits, Summons, and Track Assignment Notice, which constitute the only "process, pleadings and orders" in the State Court Action of which United is aware, are attached collectively as Exhibit 1.

4.      In its Complaint, Premier alleges that it provided medical services to patient N.J. as an out of network provider.  (Complaint ¶¶ 30-32.)

5.      At the time, N.J. was a member of an employee welfare benefit plan sponsored by Apple Inc., as identified in the Explanation of Benefits attached as Exhibit B to the Complaint (the "Plan").  The Plan is regulated by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").  United HealthCare Services, Inc. provided claims administration services for the Plan during the relevant period.

6.      Although the Complaint includes four separate counts, each of them seeks the same relief: Premier alleges it received "a properly executed Assignment of Benefits" from N.J. and, as assignee, it seeks to recover benefits it contends were due under the Plan.

7.      As an assignee of N.J.'s ERISA-plan rights and benefits, Premier obtained standing to sue as a "participant or beneficiary" under ERISA § 502(a).  See, e.g., North Jersey Brain & Spine Ctr. v. St. Peter's Univ. Hosp., No. 13-74, 2013 WL 5366400, at *3 (D.N.J. Sept. 25,  2013) (noting that "courts in this district have interpreted the Third Circuit's statements as

an indirect affirmation of derivative standing for health care providers" that receive an assignment of a beneficiary or participant's plan benefits).

8.      Premier does not allege the existence of any other independent legal duty supporting its challenges to United's alleged failure to pay full benefits under the ERISA-regulated plan.  See Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004); Pascack Valley Hosp. Inc. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 400 (3d Cir. 2004).

9.      Thus, Premier's claims challenging United's alleged underpayment of benefits under an ERISA-regulated employee welfare benefit plan are completely preempted by ERISA § 502(a), and each such claim is converted "into one stating a federal claim for the purposes of the well-pleaded complaint rule."  Davila, 542 U.S. at 209 (internal quotation marks omitted).  This Court therefore has subject matter jurisdiction over the entire action pursuant to 28 U.S.C. § 1331, and the case is properly removable to this Court pursuant to 28 U.S.C. § 1441.

10.     Removal of the State Court Action is timely because, according to Plaintiff's counsel, United was served 30 days ago.  See 28 U.S.C. § 1446(b).

11.     Venue is proper in this Court because it is the "district court of the United States for the district and division embracing the place where [the State Court Action] is pending."  28 U.S.C. § 1441(a).

12.     Viant has consented to removal as required by 28 U.S.C. § 1446(b)(2). (See Consent to Removal, attached as Exhibit 2 hereto.)

13.     A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of New Jersey, Law Division, Essex County and is being served on Premier's counsel of record.  See 28 U.S.C. § 1446(d).

14.   To the extent the Court may find one or more, but less than all, of Premier's claims are not preempted, the Court has supplemental jurisdiction over any non-preempted claims pursuant to 28 U.S.C. § 1367(a).

WHEREFORE, United removes the State Court Action to this Court.

/s/ Ian M. Long_____
Francis X. Manning
Ian M. Long
STRADLEY RONON STEVENS &
YOUNG, LLP
A Pennsylvania Limited Liability Partnership
457 Haddonfield Road, Suite 100
Cherry Hill, NJ  08002
fmanning@stradley.com
ilong@stradley.com
(856) 321-2400
(856) 321-2415 (fax)
*Attorneys for UnitedHealthcare Insurance Company of New York and UnitedHealthcare Service LLC*

August 31, 2015

# EXHIBIT 1

**LAW OFFICE OF EBONY L. RILEY, ESQ.**
**Attorney ID: 01426-2009**
402 Broad St. Suite 301
Newark, New Jersey 07104
(201) 488-2101(p)
(973)-732-5160(f)
**Attorneys for Plaintiff Premier Surgical Pavilion, LLC**

'SUPERIOR COURT OF NJ
CIVIL DIVISION
ESSEX VICINAGE

2015 JUL 21  P 4: 16

FINANCE DIVISION
RECEIVED/FILED
27

---

Premier Surgical Pavilion, LLC

**Superior Court of New Jersey**
**Essex County-Law Division**

Plaintiffs,

**Civil Action**

**Docket No: L-** 5766-15

~~Complaint and Jury Demand~~
summons

-against-

UNITEDHEALTHCARE INSURANCE COMPANY OF NEW YORK,
UNITEDHEALTHCARE SERVICE LLC D/B/A/ THE
EMPIRE PLAN, VIANT PAYMENT SYSTEMS, INC. D/B/A VIANT, INC.
ABC CORP 1-5 (identity currently unknown).

Defendant.

---

*From The State of New Jersey To The Defendant(s) Named Above:*

*The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.*

*If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment. If you*

*cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.*

*A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pd*

Dated: June 19, 2015

/S/Elizabeth Ann Strom
Clerk of Court

Name and Address of Defendant to be Served:

**United Healthcare Service**
Registered Agent: The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, NJ 08628

**Viant Payment Systems, Inc dba Viant, Inc.**
Registered Agent: Corporation Service Company, 830 Bear Tavern Road, West Trenton, NJ 08628

**LAW OFFICE OF EBONY L. RILEY, ESQ.**
**Attorney ID: 01426-2009**
402 Broad St. Suite 301
Newark, New Jersey 07104
(201) 488-2101(p)
(973)-732-5160(f)
**Attorneys for Plaintiff Premier Surgical Pavilion, LLC**

| | |
|---|---|
| Premier Surgical Pavilion, LLC | **Superior Court of New Jersey**<br>**Essex County-Law Division** |
| Plaintiffs, | **Civil Action** |
| | **Docket No: L-5166-13** |
| | **Complaint and Jury Demand** |
| -against- | |
| UNITEDHEALTHCARE INSURANCE COMPANY OF NEW YORK,<br>UNITEDHEALTHCARE SERVICE LLC, VIANT PAYMENT SYSTEMS, INC.<br>D/B/A VIANT, INC, ABC CORP 1-5 (identity currently unknown). | |
| Defendant. | |

Plaintiff, **Premier Surgical Pavilion, LLC .**, by its attorney, Ebony L. Riley, Esq., by way of Complaint against defendants, UnitedHealthCare Insurance Company of New York, UnitedHealthcare Service, LLC, Viant Payment Systems, Inc d/b/a Viant, Inc and ABC CORP 1-5(herein collectively "defendants"), alleges the following:

#### Preliminary Statement

This is an action seeks damages arising from defendants claims processing system which enables defendants to breach their obligations to plaintiff and patients by engaging in payment practices that continually fail to pay plaintiff properly and promptly for medical services rendered to patients.

## PARTIES

1.    Plaintiff Premier Surgical Pavilion, LLC. is a limited liability corporation, duly incorporated in the State of New Jersey, with a primary place of business located at 145 Roseville Avenue, in the City of Newark, County of Essex, State of New Jersey.

2.    Plaintiff has standing to assert this action via a properly executed Assignment of Benefits from the patient authorizing plaintiff to pursue this action. A copy of this assignment is annexed hereto as **Exhibit A.**

3.    Defendants  UnitedHealthCare  Insurance  Company  of  New  York  and UnitedHealthCare Service, LLC,is an entity that provides health insurance to contracted parties with a primary place of business in the State of New York. It is licensed to do, and does do, business in the State of New Jersey.

4.    Defendant Viant Payment Systems, Inc d/b/a Viant, Inc is an entity that is believed to work on behalf of or in connection with defendant United Healthcare Insurance Company of New York to process its claims. It is licensed to do, and does do, business in the State of New Jersey.

5.    ABC Corp 1-5, currently unidentified, is an entity that provides health insurance to contracted parties. It is licensed to do, and does do, business in the State of New Jersey.

## GENERAL ALLEGATIONS

6.    Defendants engage in an array of practices designed to pay physicians less than they should be paid for the professional services the physicians render to persons covered by defendants.

7.    The relevant time period for the claim at issue is October 2014.

8.    Defendants maintain a policy of failing to disclose internal fee schedules used to process claims presented to defendants for services rendered to contracted patients by plaintiff.

9.     Defendants improperly suppress the fees payable to plaintiff by failing to disclose the actual definition of procedure codes utilized to process claims. Defendants assert that such codes correspondence to the Current Procedural Terminology ("CPT") coding system defined by Medicare.

10.     Defendants improperly represent, in communications with plaintiff, that their fee schedules are defined by reference to the Medicare fee schedule. Defendants refuse to disclose how such schedules are defined.

11.     As a result of this practice, defendants deviate from the definitions of certain procedures embodied in the Medicare Fee Schedule and instead, arbitrarily calculate compensation on the basis of an undisclosed, undefined fee Schedule that warrants underpaying physicians.

12.     In processing claims submitted by plaintiff, defendants employ mechanisms to determine the scope of payment for each procedure performed when such procedures are performed during the same treatment session as other procedures. The grouping of such procedures is commonly referred to "bundling".

13.     In bundling procedures, defendants fail to follow appropriate code definitions defined by the Medicare Fee schedule and instead, substitute their own bundling mechanism that is less favorable to the provider resulting in a failure to fully compensate the provider for services rendered to contracted patients.

14.     In addition to improperly bundling procedures, defendants have also engaged in the practice of unilaterally altering CPT codes billed by plaintiff and instead, substitute such codes for different CPT codes that result compensation that is lower than the code actually billed.

15.     Defendants improperly delay prompt payment of claims by alleging that they have not received claims that were in fact submitted.

16.     Defendant further engages in the practice of unilaterally, without notice to plaintiff, setting-off payment of future claims to plaintiff to reimburse itself for claims which are alleged to have been "overpaid" without proof of such overpayment.

17.     Defendants have consciously refused to make any serious effort to correct their claim processing system to rectify their systematic underpayments despite plaintiff's appeal efforts.

18.     Defendants are obliged by New Jersey statutory law to pay clean claims within 30 days of submission.

19.     Defendants are further obliged to pay interest on any clean claim not properly paid within 30 days.

20.     Defendants routinely fail to pay clean claims timely. In such instances, payment, when rendered, fails to include the required interest.

## COUNT ONE

## BREACH OF CONTRACT

21.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-20 of the Complaint as if fully set forth herein.

22.     The failure of defendants to pay plaintiff the appropriate amount due for services rendered by plaintiff to a contracted patient constitutes a breach of contract.

23.     The amount due is determined by reference to defendants' undisclosed fee schedule and/or the Usual and Customary Rate based upon the provider's locale depending on the nature of the insured's insurance policy .

24.     Defendant's improper claims processing regime is systematically designed to underpay physicians despite defendant's contractual obligations.

25.     Defendants have breached their contractual obligations by creating a system to routinely underpay plaintiff.

26.     As a result of this breach, plaintiff is severely undercompensated and/or receives no compensation despite rendering services to contracted patients.

**WHEREFORE,** the plaintiff demands judgment against defendants, jointly and/or severally, together with compensatory damages, punitive damages, attorneys fees, interest, and any other relief the court deems equitable.

## COUNT TWO

### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

27.     Plaintiff hereby incorporates each and every allegation set forth in paragraphs 1-26 of the Complaint as if fully set forth herein.

28.     Defendants have undertaken a contractual duty to deal fairly and in good faith with physicians who treat their insured parties.

29.     Defendants have breached their obligation to properly process claims by systemically failing to cure coding/payment errors and maintaining an accounting program that is designed to delay and/or deny proper claims payment.

30.     Plaintiff rendered services to defendant's insured, N.J., on October 21, 2014

31.     On October 20, 2014, plaintiff called defendant to confirm that defendant's insured had an active policy and to further confirm whether OUT-OF-NETWORK benefits were available. The reference number for this call was **C4154094912899** and the name of the representative handling the call on behalf of defendant was Samaira C.

32.     At that time, the plaintiff was advised that defendant's insured had an active policy that reimbursed OUT-OF-NETWORK procedures at the Usual and Customary rate for the provider's locale. It was further advised that payment is remitted in the "80th percentile".

33.     In addition, the plaintiff specifically advised defendant's representative of each and every CPT code that would be used in N.J.'s procedure. At that time, plaintiff was advised that no prior authorization was required for each code.

34.     However, as part of defendant's systemic and erroneous claims processing system, payment was issued in accordance with an undisclosed, undefined method that is internal to defendant's business practice.

35.     In addition, defendants unilaterally re-priced plaintiff's bill in an effort to decrease payment issued to the plaintiff.

36.     This payment clearly contravenes the information initially provided to plaintiff on October 20, 2014 during the verification process.

37.     Plaintiff subsequently received payment on or about February 19, 2015 in the amount of $8,938.78. Payment was remitted untimely as the patient's procedure was performed on October 21, 2014

38.     Pursuant to the corresponding Explanation of Benefits, annexed hereto as **Exhibit B**, payment was reduced and paid in compliance with the undisclosed "managed care system"

39.     As a result of this erroneous claims processing, plaintiff received, and continues to receive; little to no payment for services rendered to defendant's insured, N.J.

**WHEREFORE,** the plaintiff demands judgment against defendants, jointly and/or severally, together with compensatory damages, punitive damages, attorneys fees, interest, and any other relief the court deems equitable.

## COUNT THREE

### VIOLATION OF N.J.A.C. 11:22-1

40.     Plaintiff hereby incorporates each and every allegation set forth in paragraphs 1-39 of the Complaint as if fully set forth herein.

41.     Pursuant to N.J.A.C. 11:22-1, carriers are required to pay "clean claims" within 30 days of receipt if such claims are received electronically.

42.     Plaintiff electronically submitted a claim on or about October 21, 2014 for services rendered to one of defendant's insured N.J. on October 21, 2014. The amount of the claim was $59,000.00.

43.     The patient's insurance policy was active on the date of service.

44.     Subsequently, defendant issued payment to plaintiff in the amount of $$8,938.78 on or about February 19, 2015.  See **Exhibit B.**

45.     In response to this improper payment, the provider filed an internal appeal pursuant to defendant's internal appeals process on or about March 5, 2015.  A copy of this appeal is annexed hereto as **Exhibit C.**

46.     On or about March 15, 2015, defendant confirmed receipt of plaintiff's appeal.  A copy of defendant's response is annexed hereto as **Exhibit D.**

47.     To date, defendants have failed to respond to plaintiff's appeal.

48.     Despite failing to respond to plaintiff's appeal in a timely fashion, defendant UnitedHealthcare extracted $2500.00 from a future claim to satisfy "overpayment" for patient N.J. A copy of this overpayment is annexed hereto as **Exhibit E.**

49.     Defendant's actions perpetuate its scheme to underpay and improperly deny plaintiff's claims despite plaintiff's statutory right to dispute such claims.

**WHEREFORE,** the plaintiff demands judgment against defendants, jointly and/or severally, together with compensatory damages, punitive damages, attorneys fees, interest, and any other relief the court deems equitable.

## COUNT FOUR

### UNJUST ENRICHMENT

50.     Plaintiff hereby incorporates each and every allegation set forth in paragraphs 1-49 of the Complaint as if fully set forth herein.

51.     Defendants established a pattern and practice of calculating physician compensation in a manner that favors them and underpays the plaintiff.

52.     This practice enables defendants to continuously breach its contracts with insured parties to their benefit.

53.     As a result, defendant has been unjustly enriched at the expense of the plaintiff in that defendant is retaining funds which are in fact due and owing to plaintiff with no proper basis for doing so.

54.     Plaintiff has been economically damaged as a result of this practice and continues to be damaged.

**WHEREFORE,** the plaintiff demands judgment against defendants, jointly and/or severally, together with compensatory damages, punitive damages, attorney's fees, interest, and any other relief the court deems equitable.

Date: June 19, 2015

By: _____
EBONY L. RILEY, ESQ.
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues raised in the various Counts of this

Complaint.

Date:  June 19, 2015

By: _____
EBONY L. RILEY, ESQ.
Attorney for Plaintiff

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Ebony L. Riley, Esq. as trial counsel in this matter.

Date:  June 19, 2015

By: _____
EBONY L. RILEY, ESQ.
Attorney for Plaintiff

## CERTIFICATION

I certify, pursuant to R. 4:5-1, that to the best of my knowledge, information, and belief at this time, the matter in controversy is not the subject matter of any other action pending in any other Court, nor of any pending arbitration proceeding; that no other action or arbitration is contemplated; and there are no other parties that should be joined to this action.

Date: June 19, 2015

By: _____

EBONY L. RILEY, ESQ.
Attorney for Plaintiff

## **EXHIBIT A**

## LEGAL ASSIGNMENT CONSENT, PSP

PREMIER SURGICAL PAVILLLION
888.LEX.DOCS

Please list any and all insurance and/or employee health care plan coverage you or your spouse may have:

Insurance Company or Health Care Plan of Patient
Nyiella Johnson

Policy/Group 700406 Effective Date

Name of Insured:__ID _941840943

Insurance Company or Health Care Plan of Patient's Spouse
Name The Empire Plan
Policy/Group 0030500
Effective Date

Name of Insured: 890114290 ID:

LEGAL ASSIGNMENT OF BENEFITS AND RELEASE OF MEDICAL AND PLAN DOCUMENTS

I, the undersigned, have insurance and/or employee health care benefits coverage with the above-mentioned, and hereby assign and convey directly to Premier Surgical Pavillion all medical benefits and/or insurance reimbursement, if any, otherwise payable to me for services rendered from Premier Surgical Pavillion on 10/21/2014. I understand that I am financially responsible for all charges regardless of any applicable insurance or benefit payments. I hereby authorize Premier Surgical Pavillion to release all medical information necessary to process this claim. I hereby authorize any plan administrator or fiduciary, insurer and my attorney to release to Premier Surgical Pavillion any and all plan documents, insurance policy and/or settlement information upon written request from Premier Surgical Pavillion in order to claim such medical benefits, reimbursement or any applicable remedies. I authorize the use of this signature on all my insurance and/or employee health benefits claim submissions. I hereby convey to Premier Surgical Pavillion to the full extent permissible under the law and under the any applicable insurance policies and/or employee health care plan any claim, chose in action, or other right I may have to such insurance and/or employee health care benefits coverage under any applicable insurance policies and/or employee health care plan with respect to medical expenses incurred as a result of the medical services I received from Premier Surgical Pavillion and to the extent permissible under the law to claim such medical benefits, insurance reimbursement and any applicable remedies. Further, in response to any reasonable request for cooperation, I agree to cooperate with Premier Surgical Pavillion in any attempts by Premier Surgical Pavillion to pursue such claim, chose in action or right against my insurers and/or employee health care plan, including, if necessary, bring suit with Premier Surgical Pavillion against such insurers and/or employee health care plan in my name but at Premier Surgical Pavillion Surgerys' expenses. I understand that my above-referenced health care provider(s) has the right to appeal any payment(s) made by the insurance provider. I do hereby authorize my health care provider the right to appeal any payments made as my designee. Such appeal may be done by the health care provider and/ or any person who has the direct authority to appeal on the health care provider(s) behalf. This assignment will remain in effect until revoked by me in writing. A photocopy of this assignment is to be considered as valid as the original. I have read and fully understand this agreement. I understand that my above-referenced health care provider(s) has the right to appeal any payment(s) made by the insurance provider. I do hereby authorize my health care provider the right to appeal any payments made as my designee. Such appeal may be done by the health care provider and/ or any person who has the direct authority to appeal on the health care provider(s) behalf.

N██████ ██████ (25916)

██████ Female, 2/21/████

— **Witness Signature**

**Witness:**_____ **Date:**_____

**– Patient Signature -**

Patient: ⟨signature⟩ _____ Date: ___10/21/14___

**Consent, LMS:**
**– Signature**

RN: ⟨signature⟩ _____ Date: ___10/21/2014___
Julie Ridgway, RN

**<More Info>**

**EXHIBIT B**

1A-16036*02*000002-PM-15050-101*E01EPSUHCTOPS
STD - EOB

United HealthCare Services, Inc.
SPRINGFIELD SERVICE CENTER
PO BOX 30555
SALT LAKE CITY, UT 84130-0555
PHONE: 1-866-346-1266

**UnitedHealthcare**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 02/19/15 |
| TIN: | 45-4080674 |
| NPI: | 1538466453 |
| GROUP NUMBER: | 0700406 |
| GROUP NAME: | APPLE INC. |
| PAYMENT NUMBER: | QG 94300989 |
| PAYMENT AMOUNT: | $8,938.78 |

PREMIER SURGICAL PAVILION LLC
PREMIER SURGICAL PAVILION LLC
115 E 39TH ST
NEW YORK NY 10016

# PROVIDER EXPLANATION OF BENEFITS

| MEMBER NAME: | | CONTROL NUMBER: | 320828008301 |
|---|---|---|---|
| MEMBER ID: | A 941840943 | DATE RECEIVED: | 02/17/15 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | PREMIER SURGICAL PAVI |
| PATIENT ACCOUNT: | 29916 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | THESE SERVICES ARE CONSIDERED | | | | | | | | | | |
| 10/21/14 | OP MISC. SERVICES | $12,548.07 | $12,209.72 | $12,209.72 | $338.36 | | | 70% | $236.85 | CY | |
| 10/21/14 | OP MISC. SERVICES | $6,250.00 | | | $6,250.00 | | | 100% | $6,250.00 | CY | |
| 10/21/14 | OP MISC. SERVICES | $6,500.00 | $6,500.00 | | | | | | $0.00 | HT | |
| | | | | | | TOTAL PAYABLE TO PROVIDER | | | $8,936.78 | | |

**REMARKS:**

(CY) THIS PAYMENT HAS BEEN REDUCED BY THE AMOUNT THAT IS ABOVE THE ELIGIBLE EXPENSE AMOUNT FOR OUT-OF-NETWORK SERVICES UNDER YOUR PLAN IN YOUR AREA. IF YOU ARE BILLED FOR AN AMOUNT ABOVE THE ELIGIBLE AMOUNT, PLEASE CALL WANT DIRECTLY AT 1-800-595-6888.

(FA) BASED ON THE INFORMATION PROVIDED, THIS SERVICE IS UNPROVEN AND IS NOT COVERED. THEREFORE, NO BENEFITS ARE PAYABLE FOR THIS EXPENSE. IN ORDER FOR THIS SERVICE TO BE CONSIDERED FOR COVERAGE, SCIENTIFIC EVIDENCE MUST BE SUBMITTED TO US, THAT MEETS THE STANDARDS DESCRIBED IN YOUR BENEFIT PLAN LANGUAGE, THAT DEMONSTRATES THE SAFETY AND EFFECTIVENESS OF THIS SERVICE FOR YOUR PARTICULAR CONDITION. IF THE SERVICE WAS RECEIVED FROM A PARTICIPATING PROVIDER, THE PROVIDER MAY NOT BALANCE BILL FOR THE SERVICE UNLESS THE MEMBER HAS GIVEN PRESERVICE WRITTEN CONSENT TO THE ORDERING OR RENDERING PROVIDER TO BE BILLED.

(HT) THESE CHARGES ARE CONSIDERED AN INTEGRAL PART OF THE PRIMARY PROCEDURE AND NOT ELIGIBLE FOR SEPARATE REIMBURSEMENT.

(NB) THE AMOUNT YOU OWE IS BASED ON YOUR TIERED BENEFIT PLAN. NEXT TIME YOU MAY LOWER YOUR COSTS BY USING A PHYSICIAN OR HEALTH CARE PROVIDER IN TIER 1. IF YOU NEED MORE INFORMATION ABOUT YOUR BENEFITS, PLEASE GO TO YOUR MEMBER WEBSITE OR PLAN DOCUMENTS.

(S6) ACCORDING TO OUR RECORDS, THE OUT OF POCKET MAXIMUM AMOUNT HAS BEEN REACHED FOR THIS PLAN YEAR.

(#) PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

THE MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS, DOCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE. NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM RECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF A MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S BENEFIT PLAN DOCUMENT. DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 60 DAYS OF SUBMISSION OR WITHIN THE TIMEFRAME REQUIRED BY LAW.

STD - EOB-454080674-66956618

**<u>EXHIBIT C</u>**

# LAW OFFICES OF EBONY L. RILEY, ESQ

### GENERAL COUNSEL
115 East 39th Street
New York, New York 10016
212.223.0716 | FAX 212.223.0857

March 5, 2015

United HealthCare Services, Inc
Appeals Unit
PO BOX 1600
Kingston, NY 12402-1600

## REQUEST FOR EXPEDITED INTERNAL GRIEVANCE REVIEW

| | | |
|---|---|---|
| Re: | Patient: | N███ J██████ |
| | Patient DOB: | 02/21/████ |
| | Date of Service: | 10/21/2014 |
| | Member ID: | 941840943 |
| | Control No.: | 320828008301 |
| | Provider: | Premier Surgical Pavilion |
| | Provider Tax ID: | 454080674 |

Dear Sir or Madam:

I am General Counsel to the above-captioned ambulatory surgical facility. Please allow this letter to serve as our Level One Grievance and Appeal. I have reviewed United Healthcare's Explanation of Benefits, statement and hereby demand a redetermination of payment for services rendered. Enclosed please find a copy of the patient's Legal Assignment Consent form authorizing the provider to submit this appeal on the member's behalf.

Payment in the amount of $8,938.78 from the patient's insurance plan appears to be grossly disproportionate to the services rendered. In fact, after reviewing the Ingenix database, it is clear that payment is not being made in accordance with usual, reasonable and customary rates in the facilities geographical region.

The above-captioned provider does not have access to, or a copy of, the patients Insurance Policy. Therefore, there is no way for the provider to determine that United Healthcare's payment was truly in accordance with the patient's plan. As such, United Healthcare has left the patient with a total liability of $50,061.22 which is equal to approximately 85% of the total medical bill. Therefore, we are requesting a copy of the patients contract in order to review the out of network allowance that is being used in this instance.

We hereby request reimbursement in the full billed amount of $59,000.00 less the above mentioned payment of $8,938.78. Thank you for your courtesy and cooperation regarding this claim. Please feel free to contact me if you have any further questions.

Sincerely,

Ebony L. Riley, Esq.

**EXHIBIT D**

 **UnitedHealthcare**

P.O. Box 30573, Salt Lake City, UT 84130-0573

March 15, 2015

N████████ J████████
837 THOMAS S BOYLAND STREET
FIRST FLOOR
BROOKLYN NY 11212

RE:                            N████████ J████████
DATE(S) OF SERVICE:            OCTOBER 21, 2014

Dear N████████ J████████

You are not required to respond to this letter. This is an acknowledgement that we received your
request for appeal in the UnitedHealthcare Insurance Company Central Escalation Unit.

We want to make decisions about our customers' requests based on complete information. If you, a
representative or a physician has information that might help us in our review, please fax it to 801-
938-2109 or send the information as soon as possible to:

> FOR MEMBERS AND OTHERS:
> Member Appeal Information:
> UnitedHealthcare
> Central Escalation Unit
> P.O. Box 30573
> Salt Lake City, UT 84130-0573
>
> FOR NETWORK PROVIDERS:
> Provider Appeal Information:
> UnitedHealthcare
> Central Escalation Unit
> P.O. Box 30559
> Salt Lake City, UT 84130-0573

We complete appeal reviews and send a written decision within the required timeframe by law.

As part of our review, we evaluate whether your request qualifies as an appeal, grievance,
complaint or other item which needs to be handled by another area. If your request does not qualify
as an appeal, grievance or complaint, we will forward the issue to another unit for review.

You may request verbal translation of this letter and future appeal correspondence into a non-English language. In order to request language translation, please call the Customer Care phone number on the back of your UnitedHealthcare Insurance Company member ID card, or send your request to:

> UnitedHealthcare Insurance Company
> Central Escalation Unit
> ATTN: Language Translation
> 4316 Rice Lake Road
> Duluth, MN 55811

If you have any questions, or need additional information, please call us at the number listed on the back of the UnitedHealthcare Insurance Company member ID card.

We want to help you make the most of your health plan benefits. For personalized benefits information, claim status, the latest health information and more, visit www.MyUHC.com.

Sincerely,

Resolving Analyst
UnitedHealthcare Insurance Company
Central Escalation Unit
cc:     Description
        Premier Surgical Pavilion

**SPECIAL NOTICES**

ATTENTION Members of self-funded ERISA employee benefit plans administered by UnitedHealthcare: *The plan under which you are covered is a self-funded Group Employee Welfare Benefit Plan governed by ERISA (Employee Retirement Income Security Act of 1974). This plan is not subject to state insurance law. UnitedHealthcare provides administrative and claim payment services to the plan. UnitedHealthcare is not the insurer for this plan. You may have the right to file civil action under ERISA.*

若需要中文协助，请拨打本文件内或您会员卡背面的电话号码。

Dine k'ehji shich'i' hadoodzih ninizingo, beesh bee hane'e binumber naaltsoos bikaahigii bich'i' hodiilnih ei doodaii bee neehozin biniiye nanitinigii bine'dee bikaa doo aldo'.

Para obtener asistencia en español, llame al número de teléfono que se incluye en este documento o al dorso de su tarjeta de identificación.

Para sa tulong sa Tagalog, tawagan ang numerong kabilang sa dokumentong ito o sa likod ng iyong ID card.

## **EXHIBIT E**

345PROVEZ1001001-04274-03

1A-4274*03*000005-PM-14345-101*E01EPSUHCTOPS
STD - EOB

United HealthCare Services, Inc.
P O BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 12/11/14 |
| TIN: | 45-4080674 |
| NPI: | 1538466453 |
| PAYMENT NUMBER: | QG 94080370 |
| PAYMENT AMOUNT: | $3,650.60 |

PREMIER SURGICAL PAVILION LLC
115 E 39TH ST
NEW YORK, NY 10016

# PROVIDER EXPLANATION OF BENEFITS

## OVERPAYMENT REDUCTION DETAILS

| MEMBER LAST NAME | PATIENT FIRST NAME | MEMBER ID# | PATIENT ACCT# | POLICY NUMBER | CLAIM/CONTR OL# | DATE(S) OF SERVICE | ORIGINAL OVERPAYMENT AMOUNT | PREVIOUSLY DEDUCTED | OVERPAYMENT DEDUCTED |
|---|---|---|---|---|---|---|---|---|---|
| | | XXXXX6250 | 26916 | 0700405 | 0422924566191 | 07/08/15 | $2,500.00 | | -$2,500.00 |
| O | J | XXXXX3446 | 392023 | 0226594 | 0446092538201 | 02/18/14 | $2,500.00 | $321.65 | -$2,178.35 |
| THIS REPRESENTS PREVIOUS BENEFITS THAT WERE PAID IN ERROR | | | | | | | TOTAL DEDUCTIONS | | -$4,678.35 |
| | | | | | | | TOTAL PAID TO THE PROVIDER | | $3,650.60 |

REMARKS::

THE AMOUNT PAYABLE FOR THIS EXPLANATION OF BENEFITS HAS BEEN USED TO REDUCE AN OVERPAYMENT MADE ON THE GIVEN CLAIM(S).  PLEASE ADJUST YOUR PATIENT ACCOUNT BALANCE ACCORDINGLY.

STD - EOB-454080674-607 26446

**Appendix XII-B1**

<table>
<tr><td rowspan="2"></td><td rowspan="2" colspan="2"><b>CIVIL CASE INFORMATION STATEMENT</b><br>(CIS)<br><br>Use for initial Law Division<br>Civil Part pleadings (not motions) under <i>Rule</i> 4:5-1<br><b>Pleading will be rejected for filing, under <i>Rule</i> 1:5-6(c),<br>if information above the black bar is not completed<br>or attorney's signature is not affixed</b></td><td>FOR USE BY CLERK'S OFFICE ONLY</td></tr>
<tr><td>PAYMENT TYPE: ☐ CK ☐ CG ☐ CA<br>CHG/CK NO.<br>AMOUNT:<br>OVERPAYMENT:<br>BATCH NUMBER:</td></tr>
</table>

*SUPERIOR COURT OF NJ CIVIL DIVISION ESSEX VICINAGE 2015 JUL 21 P 4: 16 FINANCE DIVISION RECEIVED/FILED 27*

| ATTORNEY / PRO SE NAME<br>Ebony Riley ,Esq. | TELEPHONE NUMBER<br>(201) 488-2101 | COUNTY OF VENUE<br>Essex |
|---|---|---|
| FIRM NAME  (if applicable) | | DOCKET NUMBER  (when available)<br>L-5166-O |
| OFFICE ADDRESS<br>402 Broad St.; Suite 301<br>Newark, NJ 07104 | | DOCUMENT TYPE<br>Summons and Complaint |
| | | JURY DEMAND   ☐ YES   ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Premier Surgical Pavilion, LLC | CAPTION<br>Premier Surgical Pavilion, LLC vs. UnitedHealthcare ET. ALS. |
|---|---|
| CASE TYPE NUMBER<br>(See reverse side for listing)<br>599 | HURRICANE SANDY<br>RELATED?<br>☐ YES  ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES  ■ NO<br>IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ YES  ■ No | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES  ■ No | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY  (if known)<br>☐ NONE<br>☐ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR<br>RECURRENT RELATIONSHIP?<br>☐ YES  ■ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)<br>☐ FAMILIAL   ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES   ☐ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES  ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED?<br>☐ YES  ■ No | IF YES, FOR WHAT LANGUAGE? |

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

ATTORNEY SIGNATURE:

```
ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK           NJ 07102
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 693-5529
COURT HOURS  8:30 AM - 4:30 PM


              DATE:    JULY 23, 2015
              RE:      PRENUER SURGICAL PAVILION LLC VS UNITEDHEALTHCARE
              DOCKET:  ESX L -005166 15

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON GARRY J. FURNARI

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM       002
AT:   (973) 776-9300.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                              ATT: EBONY L. RILEY
                              RILEY                EBONY    L
                              PREMIER SURGICAL PAVILION
                              145 ROSEVILLE AVENUE
                              NEWARK           NJ 07107
JUGBONE
```

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

PREMIER SURGICAL PAVILION, LLC

                Plaintiff,

     v.

UNITEDHEALTHCARE INSURANCE
COMPANY OF NEW YORK,
UNITEDHEALTHCARE SERVICE LLC
D/B/A THE EMPIRE PLAN, VIANT
PAYMENT SYSTEMS, INC. D/B/A VIANT,
INC., and ABC CORP 1-5,

                Defendants

CIVIL ACTION

NO._____

**CONSENT TO REMOVAL**

Defendant Viant Payment Systems, Inc. (improperly pled as Viant Payment Systems, Inc. d/b/a Viant Inc.) hereby consents and joins in the removal of this action by Defendants UnitedHealthcare Insurance Company of New York and UnitedHealthcare Service LLC.

                                *Rachel R. Hager*

                                Rachel R. Hager
                                FINAZZO COSSOLINI O'LEARY
                                MEOLA & HAGER, LLC
                                67 East Park Place, Suite 901
                                Morristown, New Jersey 07960
                                *Attorneys for Defendant*
                                *Viant Payment Systems, Inc.(improperly pled*

Dated: August 31, 2015                 *as Viant Payment Systems, Inc. d/b/a Viant Inc.)*

## **CERTIFICATE OF SERVICE**

I, Ian M. Long, hereby certify that on August 31, 2015, I caused a true and correct copy of the foregoing Notice of Removal and Civil Cover Sheet to be served via U.S. mail upon the following:

Ebony L. Riley, Esq.
LAW OFFICE OF EBONY L. RILEY, ESQ.
402 Broad St., Suite 301
Newark, NJ 07104
*Attorneys for Plaintiff*

Rachel R. Hager
FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC
67 East Park Place - Suite 901
Morristown, NJ 07960
*Attorneys for Defendant Viant Payment Systems, Inc.*

/s/ Ian M. Long
Ian M. Long